**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| TOI AYTCH | * | |
| 1307 West Cross St. | | |
| Baltimore, MD 21223 | * | |
| | | |
| Plaintiff, on behalf of herself | * | Civil Action No. 17-2769 |
| and others similarly situated, | | |
| | * | |
| v. | | |
| | * | |
| TRULIFE HEALTH SERVICES, LLC | | |
| d/b/a TRULIFE HEALTH SERVICES | * | |
| 1502 Woodlawn Dr., Suite 103 | | |
| Woodlawn, MD 21207 | * | |
| | | |
| **Serve On:** | * | |
| Alfred Ezekwesili | | |
| 1502 Woodlawn Dr., Suite 103 | * | |
| Woodlawn, MD 21207 | | |
| | * | |
| and | | |
| | * | |
| IJEAKU EZEKWESILI | | |
| a/k/a JANE IJEAKU EZEKWESILI | * | |
| 2627 Toby Ln | | |
| Ellicott City, MD 21042 | * | |
| | | |
| Defendants. | * | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, by and through undersigned counsel, alleges as follows:

### Introduction

1. Plaintiff Toi Aytch ("Plaintiff" or "Ms. Aytch") is a former employee of Trulife Health Services, LLC ("the Agency") and one of its owners, Ijeaku Ezekwesili (collectively, "Defendants"). Plaintiff worked as a home care aide for Defendants' for-profit home care

agency, which also employed approximately 40 other home care aides at a time. Plaintiff brings this civil action for relief stemming from Defendants' willful refusal to pay her wages, including overtime and travel-time wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq*. Plaintiff seeks her unpaid wages, damages, and attorneys' fees and costs pursuant to the FLSA, the MWHL, and the MWPCL.

2.     Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. §§ 207 & 216(b) on behalf of herself and other similarly situated current and former employees of Defendants who were subject to Defendants' schemes to violate the FLSA.

3.     Plaintiff also brings this action as a class action under the MWHL and the MWPCL on behalf of herself and other similarly situated current and former employees of Defendants who were denied the legally required overtime rate for hours worked beyond 40 in a given week, and were denied compensation for work time spent traveling between Defendants' clients' homes in a single workday.

4.     Plaintiff seeks unpaid wages, damages, and attorneys' fees and costs on behalf of herself, the collective class she seeks to represent with respect to her FLSA claims, and the class she seeks to represent with respect to her claims under the MWHL and MWPCL.

**Jurisdiction and Venue**

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiffs' federal FLSA claims that they form part of the same case or controversy under Article III, Section 2 of the United States Constitution.

7. This Court has personal jurisdiction over Defendants because Defendants conduct business in the District of Maryland.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Parties

9. Plaintiff Toi Aytch is a Maryland resident. She was employed by Defendants from approximately April 20, 2015 through approximately February 12, 2017 to provide home care services to Defendants' clients.

10. As required by the FLSA, 29 U.S.C. § 216(b), Plaintiff has given her written consent to become a party to this action. A true and correct copy of Plaintiff's FLSA consent form is attached hereto as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

11. During the time period relevant to this complaint, other similarly situated individuals were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(g); Md. Code Ann., Lab. & Empl., § 3-101(c); the MWHL, *id.* § 3-401(b); and the MWPCL, *id.* § 3-501(b).

12. Trulife Health Services, LLC is a for-profit Maryland corporation with its principal place of business in Maryland. At all times relevant to this action, the Agency was a business dedicated to the provision of domestic service, as that term is defined by the FLSA. The Agency was Plaintiff's and similarly situated individuals' employer within the meaning of the FLSA, 29 U.S.C. § 203(g); Md. Code Ann., Lab. & Empl., § 3-101(c); the MWHL, *id.* § 3-401(b); and the MWPCL, *id.* § 3-501(b).

13. Defendant Ijeaku Ezekwesili ("Defendant Ezekwesili"), also known as Jane Ijeaku Ezekwesili, is, or during the time period relevant to this action was, one of the Agency's owners. Defendant Ezekwesili has or had control over the business's daily operations.  She hired and fired employees, set employee wages, and determined employee schedules.  Defendant Ezekwesili was Plaintiff's and similarly situated individuals' employer within the meaning of the FLSA, 29 U.S.C. § 203(g); Md. Code Ann., Lab. & Empl., § 3-101(c); the MWHL, *id.* § 3-401(b); and the MWPCL, *id*. § 3-501(b).

### General Factual Allegations

14. Defendants, as employers and/or joint employers, employed Ms. Aytch and similarly situated employees to work as home care aides in clients' homes. Defendants had approximately 40 employees at any one time, and, upon information and belief, had a high rate of employee turnover.

15. The work performed by Ms. Aytch and similarly situated employees includes assisting clients with toileting, bathing, mobility, cleaning, food preparation, and general housekeeping, and accompanying clients to medical and other appointments.

16. Defendant Ezekwesili exercised control over the daily operations of the Agency. She interviewed and hired Ms. Aytch, set her hourly wage rates, controlled her work schedule, required her to wear scrubs while working, and monitored the hours she worked by requiring that she "clock in" and "clock out" of her shifts using a telephone system.  Upon information and belief, Defendant Ezekwesili also did so with similarly situated employees.

17. Defendant Ezekwesili told Ms. Aytch that her pay rate would be $11 per hour.

18. Ms. Aytch frequently worked more than 40 hours per week, and sometimes worked more than 50 hours per week.  As one example, her paystub for the period beginning on January

28, 2016, and ending on February 10, 2016, shows that not including any travel time, she worked 110 hours during that two-week pay period.  As another example, her paystub for the period beginning on June 30, 2016, and ending on July 13, 2016, shows that not including any travel time, she worked 107 hours during that two-week pay period.  As a third example, her paystub for the period beginning on July 28, 2016, and ending on August 10, 2016, shows that not including any travel time, she worked 113 hours during that two-week pay period.

19. Defendants did not pay Ms. Aytch an overtime rate of 1.5 times her regular hourly rate for hours worked beyond 40 in a given workweek, and instead paid her only her straight-time hourly rate of $11 for those hours, despite the fact that she was entitled to an overtime rate for such hours under state and federal law.  Similarly situated employees also worked more than 40 hours per workweek but were not paid an overtime rate for overtime hours.

20. Defendant Ezekwesili often assigned Ms. Aytch back-to-back shifts at different clients' homes in a single workday, such that Ms. Aytch had to travel directly from one client's home to the next.  Defendants did not pay Ms. Aytch for time she spent traveling between Defendants' clients' homes in a single workday, despite the fact that such travel time is compensable work under state and federal law.  Instead, they compensated her only for time she spent in clients' homes.  Upon information and belief, Defendants also did not compensate similarly situated employees for such compensable travel time.

21. Defendants misclassified Ms. Aytch as an independent contractor, and did not begin making employment-related withholdings from her pay until around September 2016.  Despite this apparent admission of Ms. Aytch's employee status, Defendants continued to deny Ms. Aytch the overtime premium to which she was legally entitled for her overtime hours.  Upon information and belief, the same is true for Defendants' other current and former employees.

22. Defendants' unlawful failure and/or refusal to pay all wages due and owing, including overtime and travel-time wages, was willful, in that Defendants knew or showed careless disregard for whether their actions violated the law.

23. Pursuant to the FLSA, 29 C.F.R. § 516, and the MWHL, Md. Code Ann., Lab. & Empl. § 3-424, Defendants had an obligation to maintain employment records for Ms. Aytch and similarly situated employees.  Defendant Ezekwesili maintained records only of time Ms. Aytch and similarly situated employees spent working in clients' homes.  These records should also include workers' first and last compensable acts and thus the complete work day, including travel time.  A preliminary estimate of the number of hours worked by Ms. Aytch and those similarly situated will be known more precisely through discovery of these records.

24. Upon information and belief, Defendants applied, and continue to apply, these same practices with other similarly situated employees.

### Collective Action Allegations Under the FLSA

25. Plaintiff repeats and incorporates by reference all the allegations set forth above.

26. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over 40 in a workweek.

27. The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who are unable to care for themselves. 29 U.S.C. § 213(a)(15).

28. In October 2013, the United States Department of Labor determined that these exemptions do not apply to domestic-service workers employed by third-party agencies or employers.

29. Beginning on January 1, 2015, the regulations provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements.  29 C.F.R. § 552.109(a).

30. As of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over 40 in a workweek.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

32. Ms. Aytch and similarly situated employees were victims of a common scheme by Defendants to violate the FLSA.

33. Defendants' scheme included violating the FLSA's overtime requirements through their practice or policy of failing and/or refusing to pay employees the FLSA-mandated overtime rate for overtime hours.  Defendants' scheme also included their practice or policy of failing and/or refusing to pay wages for compensable time employees spent traveling between clients' homes in a single workday as required by the FLSA, and misclassifying employees as independent contractors.

34. Despite the Department of Labor's position that domestic-service workers employed by third-party agencies are not exempt from the FLSA's minimum wage and overtime requirements, Defendants have maintained their practice of failing to pay the proper overtime compensation to Plaintiff and similarly situated employees.

35. Ms. Aytch seeks collective action status on behalf of all individuals employed by the Agency and Defendant Ezekwesili, at any time during the period beginning January 1, 2015,

through the date of judgment in this action, who did not receive overtime compensation due for hours worked in excess of 40 per week ("the FLSA Class").

36. On information and belief, members of the FLSA Class were all similarly subject to Defendants' common practices, policies, or plans to misclassify them as independent contractors and require or permit them to perform work for Defendants' benefit without FLSA-mandated overtime wages and without compensation for time spent traveling between clients' homes in a single workday.

37. These similarly situated employees are known only to Defendants, are readily identifiable, and may be located through Defendants' records. They may readily be notified of this action, and allowed to opt in to it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

### Class Action Allegations Under the MWHL and MWPCL

38. Plaintiff repeats and incorporates by reference all the allegations set forth above.

39. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Ms. Aytch brings Counts II and III of this action individually and on behalf of all individuals employed by the Agency and Defendant Ezekwesili, at any time since three years prior to the filing of this complaint, who did not receive overtime compensation due for hours worked in excess of 40 per week ("the Maryland Rule 23 Class").

40. The individuals in the Maryland Rule 23 Class are so numerous that joinder of all members of this proposed class is impracticable. While the precise number of class members has not been determined at this time, Defendants, on information and belief, have employed more than 80 individuals as home care aides during the applicable statute of limitations period.

Plaintiff and the proposed Maryland Rule 23 Class have been equally affected by Defendants' violations of the law.

41. There are questions of law and fact common to the proposed Maryland Rule 23 Class that predominate over questions solely affecting individual members of this proposed class, including but not limited to the following:

    a. Whether Defendants maintained policies or practices of denying their employees overtime and/or travel time wages;

    b. Whether Defendants violated Maryland law for failure to pay all overtime wages due and owing;

    c. The proper measure and calculation of damages;

    d. Whether Defendants acted in good faith and with a reasonable belief that the wages paid were not less than those required by the MWHL; and

    e. Whether Defendants' failure to pay their employees all wages due was the result of a bona fide dispute.

42. Plaintiff's claims are typical of those of the members of the Maryland Rule 23 Class. Plaintiff, like other members of the proposed Maryland Rule 23 Class, was subject to Defendants' practices as described in this complaint. Further, Plaintiff's job duties are typical of the Maryland Rule 23 Class, as all class members are or were home care aides.

43. Plaintiff will fairly and adequately protect the interest of the proposed Maryland Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

44. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class

members. A class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

45. Plaintiff intends to send notice to all members of the proposed Maryland Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## COUNT I
## FAIR LABOR STANDARDS ACT
**(Individual and Collective Actions for Denial of Overtime Wages)**

46. Plaintiff repeats and incorporates by reference all the allegations set forth above.

47. Defendants failed to pay Ms. Aytch and the FLSA Class overtime wages in violation of 29 U.S.C. § 207, including but not limited to overtime wages resulting in part from compensable travel time.

48. Defendants' violations of the FLSA were willful, as that term is used in 29 U.S.C. § 255(a). Defendants knew their violations were unlawful, or showed reckless disregard for whether their conduct was prohibited.

49. Defendants' violations were not the result of a good-faith, reasonable error.

50. Defendants are liable to Ms. Aytch and the FLSA Class under 29 U.S.C. § 216(b) for their unpaid overtime wages, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## COUNT II
### MARYLAND WAGE AND HOUR LAW
**(Individual and Class Actions for Denial of Overtime Wages)**

51. Plaintiff repeats and incorporates by reference all the allegations set forth above.

52. Defendants unlawfully failed or refused to pay the overtime wages of Plaintiff and members of the Maryland Rule 23 Class in violation of Md. Code Ann., Lab. & Empl. §§ 3-415(a) & 3-420, including but not limited to overtime wages resulting in part from compensable travel time.

53. Defendants did not act in good faith and with a reasonable belief that the wages paid to Ms. Aytch and members of the Maryland Rule 23 Class were not less than the wages required under the MWHL.

54. Defendants are liable to Ms. Aytch and members of the Maryland Rule 23 Class pursuant to §§ 3-427(a) and (d) of the MWHL for their unpaid overtime wages, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## COUNT III
### MARYLAND WAGE PAYMENT AND COLLECTION LAW
**(Individual and Class Actions for Denial of Overtime and Travel-Time Wages)**

55. Plaintiff repeats and incorporates by reference all the allegations set forth above.

56. Defendants failed and/or refused to timely pay Ms. Aytch and members of the Maryland Rule 23 Class all wages due, including overtime and travel-time wages, on their regular paydays in violation of Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505(a).

57. Defendants failed and/or refused to pay Ms. Aytch and members of the Maryland Rule 23 Class all wages due for work performed prior to the termination of their employment, on

11

or before the day they would have been paid had their employment not terminated, as required by Md. Code Ann., Lab. & Empl. § 3-505(a).

58.  Defendants' unlawful failure or refusal to timely pay Ms. Aytch and members of the Maryland Rule 23 Class all their earned wages was not in good faith, was not reasonable, did not result from a legitimate dispute over the validity of their claims or the amounts they were owed, and was not otherwise the result of a bona fide dispute.

59.  Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2, Ms. Aytch and members of the Maryland Rule 23 Class seek their unpaid wages, an additional award of double damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

a)  Certify this action as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b)  Certify this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Maryland Rule 23 Class, and appoint Plaintiff as class representative and her counsel as class counsel;

c)  Find that Defendants' actions were willful, not in good faith, not reasonable, and not the result of a bona fide dispute;

d)  Grant judgment against Defendants, jointly and severally, and in favor of Plaintiff and each member of the FLSA Class, in the amount of Plaintiff's and each FLSA Class member's respective unpaid overtime wages, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

e) Grant judgment against Defendants, jointly and severally, and in favor of Plaintiff and members of the Maryland Rule 23 Class in the amount of their unpaid overtime wages, plus liquidated damages, pursuant to the MWHL, Md. Code Ann., Lab. & Empl. §§ 3-427(a) and (d);

f) Grant judgment against Defendants, jointly and severally, and in favor of Plaintiff and members of the Maryland Rule 23 Class in the amount of their unpaid wages, including overtime wages and travel-time wages, plus double damages pursuant to the MWPCL, Md. Code Ann., Lab. & Empl. § 3-507.2;

g) Award Plaintiff and the FLSA Class pre- and post-judgment interest on all amounts owed as allowed by law;

h) Award Plaintiff her costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), Md. Code. Ann., Lab. & Empl. § 3-427(d); and Md. Code Ann., Lab. & Empl. § 3-507.2; and

i) Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests trial by jury.

Respectfully submitted on this 18th day of September, 2017 by:

/s/ David Rodwin
David Rodwin (Fed. Bar No. 18615)
Sally Dworak-Fisher (Fed. Bar No. 27321)
THE PUBLIC JUSTICE CENTER
One North Charles Street, Suite 200
Baltimore, MD 21201
Tel: (410) 625-9409
Fax: (410) 625-9423
rodwind@publicjustice.org

13

dworak-fishers@publicjustice.org

*Attorneys for Plaintiff*